[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11488
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00005-WTM-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH BRYAN RISER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 17, 2013)

Before PRYOR, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Kenneth Bryan Riser appeals his conviction for possessing a firearm as a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At trial, the government's cooperating witness testified that Riser offered him $18,000 to get Riser a gun. The witness contacted the police and agreed to set up a fake sale of a 9 mm. pistol. The witness recorded his subsequent conversations with Riser and wore a wire to the deal. The next day, Riser and the witness went to the deal location to get the gun from an undercover officer, who posed as the seller. The officer testified that Riser showed up at the deal location; asked about the gun, which had been placed in a bag inside a boot; settled on a price of $120 for the gun and eight bullets; wrote a check for that amount; and then took possession of the gun. An arresting officer testified that when law enforcement agents appeared, Riser had the gun in the bag but dropped it back into the boot prior to his arrest. Riser testified in his own defense. He asserted that he went to the deal location to pay off a debt for his friend, the witness, and that he never saw or touched a gun. On appeal, Riser argues that there was insufficient evidence to prove that he actually or constructively possessed a firearm.

We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We will not disturb a guilty verdict unless, based on the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th

2

Cir. 2005).

To support a conviction for possession of a firearm by a convicted felon, the government must prove three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). Possession can be actual or constructive. *Id.* To establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the vehicle in which it was concealed. *Id.*

Credibility questions are for the jury, and we assume that the jury answered them all in a manner that supports its verdict. *Jiminez*, 564 F.3d at 1285. A jury is free to choose among alternative, reasonable interpretations of the evidence. *Id.* Testimony will not be considered incredible as a matter of law, unless it is testimony that on its face cannot be believed, i.e., testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005). A defendant's own testimony, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt. *Jiminez*, 564 F.3d at 1285.

There was sufficient evidence for the jury to reasonably convict Riser of

possessing a firearm as a convicted felon.  Riser only challenges the sufficiency of the evidence as to the second element of the offense: his knowing possession of a firearm.

First, the evidence shows that Riser actually possessed a gun.  Riser offered a police contact $18,000 to get him a gun, went with the contact to the deal location, wrote a check for the gun, and took possession of it.  Although Riser testified to an entirely different version of the meeting and claimed that he never saw or touched a gun, the jury was entitled to believe the testimony of the government's witnesses, which was corroborated by audio recordings, over Riser's testimony.  *Jiminez*, 564 F.3d at 1285.  Contrary to Riser's argument, none of this testimony is incredible as a matter of law.  *See Thompson*, 422 F.3d at 1291.  Further, Riser's own testimony supports his conviction.  Because the jury necessarily disbelieved his testimony, it was permitted to consider the testimony as substantive evidence of his guilt.  *See id.*  Alternatively, the jury could have reasonably concluded that Riser constructively possessed the gun because he acquired ownership of it when he wrote a check for it.  *Wright*, 392 F.3d at 1273.

**AFFRIMED.**